E-FILED
Friday, 21 June, 2019 08:22:48 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| FELITA MCGEE, as Independent Administrator of the Estate of MICHAEL CARTER, SR., *deceased* and as next-of-kin<br><br>Plaintiff<br><br>vs.<br><br>MACON COUNTY SHERIFF'S DEPARTMENT; DECATUR MEMORIAL HOSPITAL; DMH CORPORATE HEALTH SERVICES; ROBERT BRACO, MD; JO BATES, LPN; RANDELL WEST; LARRY PARSANO; TERRY COLLINS; MICHAEL PATTON; and JOSHUA PAGE<br><br>Defendants. | ) | Case No. 16-cv-02221 |

**PLAINTIFF'S RESPONSE TO JO BATES' FIRST MOTION *IN LIMINE***

Plaintiff, FELITA MCGEE, as Independent Administrator of the ESTATE OF MICHAEL CARTER, SR. *deceased*, by her attorneys, LAW OFFICES OF RAHSAAN A. GORDON, and in response to Defendant JO BATES' First Motion *In Limine* hereby states as follows:

**BACKGROUND**

1. Plaintiff brings this cause of action against various defendants for various claims including wrongful death, survival, constitutional violations, state law medical malpractice, and battery. (Dkt. 31)

2. Plaintiff alleges Michael Carter, Sr.'s death occurred on or about July 18, 2015, while in the care of Defendant Decatur Memorial Hospital's employees, Defendant Dr. Robert Braco and Defendant Nurse Jo Bates, various employees of Macon County Sheriff's Department,

and pursuant to its health services contract with Defendant Macon County Sheriff's Department. *Id*.

3. Carter was booked into Macon County's jail on July 13, 2015, and self-reported as a Type 2 diabetic. Five days later he died from diabetic ketoacidosis after being under the medical care of Defendants. *Id*.

4. Plaintiff adopts her arguments contained in her motion to preclude Josue Pena's deposition, and adopts the reasoning of the Court in its June 14, 2019 ruling to preclude the taking of Josue Pena's deposition. (Dkt. 141)

## LEGAL STANDARD

A motion *in limine* is a request for the court's guidance concerning an evidentiary question. *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999). The Court may give such guidance by issuing a preliminary ruling regarding admissibility. *Id*. Judges have broad discretion when ruling on motions in limine. *Jenkins v. Chrysler Motor Corp*., 316 F.3d 663, 664 (7th Cir. 2002). "Trial courts issue rulings on motions *in limine* to guide the parties on what evidence it will admit later in trial," and "[a]s a trial progresses, the presiding judge remains free to alter earlier rulings." *Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013). It is well established that a motion *in limine* "is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings" and that it "permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).

The Court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues,

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Evidence is unduly prejudicial if it creates a genuine risk that the emotions of the jury will be excited to irrational behavior, and the risk is disproportionate to the probative value of the offered evidence." *Morgan v. City of Chicago*, 822 F.3d 317, 339 (7th Cir. 2016) (citation omitted).

**ARGUMENT**

Pre-trial detainees have not been convicted of anything, and are still entitled to the constitutional presumption of innocence. The criminal justice system presumes the defendant is innocent unless and until proved guilty. *Deck v. Missouri*, 544 U.S. 622 at 630.

The bulk of Defendant Bates' argument centers on her desire to introduce evidence at trial regarding the nature of the underlying charges leading to Mr. Carter's arrest and her belief he was likely to serve a considerable amount of time, and therefore wouldn't have continued a loving relationship with his son. Bates offers no evidence of any convictions after Mr. Carter's son 2013 birth. The past alleged convictions, some as old as twenty years old, have no bearing or probative value concerning the relationship established between Mr. Carter and his young son, who had not even reached his second birthday at the time of his father's death.

Bates argues, somewhat oddly, that because the federal prosecutor's office in the Central District of Illinois has a high conviction rate, Mr. Carter should lose his entitlement to a presumption of innocence. Bates' theory was flatly rejected by this Court during its June 14, 2019 hearing and ruling on Plaintiff's Motion to Preclude Josue Pena's deposition, where Bates advanced the exact same arguments as she argues here. (Dkt. 141 )

Next, Bates lists Mr. Carter's alleged five prior convictions, including: 1) a more than twenty year old misdemeanor theft conviction; 2) a more than twenty years old felony

conviction; 3) an almost twenty year old felony drug conviction; 3) a fifteen year old misdemeanor marijuana case; and 4) a nearly ten year old felony battery case purportedly involving a child.

Bates concedes that the Court's analysis comes down to the balancing act required by Fed. R. Evid. Rule 403. Courts have broad discretion under Rule 403. *Anderson v. City of Chicago,* No. 09 C 2311, 2010 WL 4928875, at *1 (N.D. Ill. Nov. 30, 2010) (*citing Jenkins v. Chrysler Motors Corp*., 316 F.3d 663, 664 (7th Cir. 2002)). They should take care, however, "to ensure that a civil rights plaintiff's criminal past is not being used to unfairly prejudice him or her." Id. (quoting Gora v. Costa, 971 F.2d 1325, 1331 (7th Cir. 1992)).

Because most of the above alleged convictions are for such serious crimes, including a violent one, the Court must exercise the utmost care to avoid the risk that the jury will consider the evidence of the decedent's conviction for improper purposes. *See Barber v. City of Chicago*, 725 F.3d 702, 714-15 (7th Cir. 2013) ("Presenting a § 1983 plaintiff's criminal history to the jury presents a substantial risk that the jury will render a defense verdict based not on the evidence but on emotions or other improper motives, such as a belief that bad people should not be permitted to recover from honorable police officers.*"); Jones v. Sheahan*, No. 99 C 3669, 01 C 1844, 2003 WL 21654279, at *2 (N.D. Ill. July 14, 2003), at *2 (evidence of Mr. Jones's murder conviction might lead a jury to deny Mr. Jones an award "'not because it doubts its veracity, but because it is appalled by his prior conduct that has nothing to do with the events in question. That is precisely the kind of unfair prejudice that Rule 403 seeks to prevent." (quoting *Earl v. Denny's, Inc.,* No. 01 C 5182, 2002 WL 31819021, at *8 (N.D. Ill. Dec. 13, 2002)).

Michael Carter, Jr. was approaching just his second birthday birthday at the time of his father's death, and yet, Bates argues these old convictions are probative as to the bond between

father and son. She fails to demonstrate that the probative value of introducing evidence of Mr. Carter's alleged prior convictions outweighs the likely prejudice of such evidence. While Bates' argues "that the Plaintiff intends to admit evidence that Plaintiff's deceased would have a robust future earning capacity due to his recent completion of a trade program," she points to nothing in the record to support this conclusion, other than the very real fact that Mr. Carter had just graduated from a trade program within months of his death. At best, Bates' argument is premature, and when/if Plaintiff does seek to introduce "robust future earning capacity," the issue can be litigated at that time.

## CONCLUSION

Carter was presumed innocent at the time of his arrest on July 13, 2015, at the time of his death on July 18, 2015, and even now. He will forever be presumed innocent of the charges leading to his arrest. The Court has already noted that the evidence concerning the circumstances giving rise to Mr. Carter's arrest on July 13, 2015 are not probative to the issues in this case, and not proportionate. Furthermore, Mr. Carter's past convictions, all more than ten years old, are more prejudicial than probative. Therefore, Bates' motion should be denied.

WHEREFORE, Plaintiff requests this Court enter an order denying against Defendant Bates precluding first motion *in limine* for the reasons stated above and for any other such relief the Court deems just.

s/Rahsaan A. Gordon
Attorney for Plaintiff

Rahsaan A. Gordon
**LAW OFFICES OF RAHSAAN A. GORDON**
333 West Wacker Drive, Suite 500
Chicago, Illinois 60606
(312) 422-9500
Atty. No. 42809